# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE DOUGLAS LOWE, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BENOV, *et al.*, <br><br> Defendants. | Case No. CV 09-5790 JVS (JCG) <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the Magistrate Judge's Report and Recommendation, and the remaining record. Although Plaintiff filed no objections to the Report and Recommendation, he has filed several other documents that warrant brief amplification here.

The Report and Recommendation, filed on October 7, 2010, recommends the dismissal of this action without prejudice because of Plaintiff's failure to properly serve process on any of the defendants.

On October 15, 2010, Plaintiff filed a "Motion for Exten[s]ion of Time to Obtain Proof of Service of Summons and Complaint." In the motion, Plaintiff declares that service has been accomplished, and asks the Court for a three-month extension to obtain proofs of service from his process server. (Oct. 15, 2010 Mot. at 1.) On October 20, 2010, the Court denied the motion, but granted Plaintiff an

additional fourteen days to file objections to the Report and Recommendation. (Oct. 20, 2010 Ord. at 1.) The Court advised Plaintiff that in addition to any objections, Plaintiff could file the proofs of service that his process server allegedly possessed. (*Id.*)

Instead, on October 27, 2010, Plaintiff filed an "Objection to the Court's Denial of Plaintiff's Motion for Time Exten[s]ion to Show Proof of Service of Summons and Complaint" ("Objection"). In his Objection, Plaintiff again asks the Court for a three-month extension, and asserts that the extension is necessary for him to contact his process server and obtain the proofs of service. (Objection at 1.)

On November 8, 2010, Plaintiff filed a "Motion for Time Exten[s]ion to Locate and Serve the Defendants." Despite his prior representations, Plaintiff notified the Court that he had *not* served any of the defendants, and that he needed an unspecified amount of time to locate and serve the defendants. (Nov. 8, 2010 Mot. at 1.) On November 12, 2010, the Court denied the motion. (Nov. 12, 2010 Ord. at 1.)

Although Plaintiff's Objection is specifically directed at the Court's denial of the October 15, 2010 Motion, and not the Report and Recommendation, the Court will address the Objection here since it revolves around the same issue, *i.e.*, whether Plaintiff should be granted additional time to serve the Summons and Complaint. As detailed in the Report and Recommendation, Plaintiff has been given several opportunities to effect service, beyond the 120-day deadline provided for in Fed. R. Civ. P. 4(m), and despite his failure to show good cause. (*See* R&R at 1-4.)

Indeed, in orders dated December 9, 2009, April 14, 2010, and August 12, 2010, the Court provided Plaintiff with additional time to serve the Complaint and guidance regarding proper service under Rule 4. (*See* Dec. 9, 2009 Ord. at 1-2; Apr. 14, 2010 Ord. at 1-2; Aug. 12, 2010 Ord. at 1-2.) Additionally, in its August

12, 2010 Order, the Court explicitly warned Plaintiff that additional extensions would not be given, and that the Court would recommend the dismissal of the action if Plaintiff failed to effect service within 30 days. (Aug. 12, 2010 Ord. at 1-2.)

It has been over 15 months since the Complaint was filed. Plaintiff is no closer today to completing service than he was on day one, and his post-R&R motions, and his Objection, only serve to underscore this fact.

In his October 15, 2010 Motion and Objection, Plaintiff claims that service is complete and that he only needs to obtain proofs of service from his process server. (Oct. 15, 2010 Mot. at 1; Objection at 1.) Just a few weeks later, Plaintiff completely reverses his story and notifies the Court that no defendant has been served, and that he needs an unspecified amount of time to locate the defendants. (Nov. 8, 2010 Mot. at 1.) Given that Plaintiff has already had 15 months to do so, such a request is not warranted. As such, the Magistrate Judge's October 20, 2010 Order was not "clearly erroneous" or "contrary to law," and Petitioner's Objection [Dkt. No. 24] is OVERRULED. *See* Fed. R. Civ. P. 72(a).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and adopted.
2. Judgment be entered dismissing this action without prejudice.
3. The Clerk serve copies of this Order and the Judgment on the parties.

DATED: December 6, 2010

_____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE